IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

**PR LOGISTICS**

   Debtor

CASE NO. 09-00162  (MCF)

CHAPTER 11

**PR LOGISTICS**

   Plaintiff

V.

**HON. MELBA ACOSTA, SECRETARY OF TREASURY DEPARTMENT OF THE COMMONWEALTH OF PUERTO RICO**

   Defendant

ADVERSARY CASE No. 14-00069

## OPINION AND ORDER

Before the Court is a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure from the Treasury Department of the Commonwealth of Puerto Rico (hereafter "Defendant") seeking the dismissal of this adversary complaint filed by the Plaintiff PR LOGISTICS (hereafter "Plaintiff") for an alleged violation of the discharge injunction. For the reasons stated herein, the Court denies the Defendant's motion to dismiss and as a result, the adversary case shall continue.

## FACTS AND PROCEDURAL HISTORY

The Plaintiff alleged in the complaint the following:

1. The Plaintiff filed a voluntary petition under Chapter 11 on January 14, 2009.

2. The Defendant filed its proof of claim #23 on January 15, 2009, for $128,184.63 of which

-1-

$70,179 is priority and $58,004.64 is general unsecured.

3. The discharge was entered in favor of the Plaintiff on June 21, 2010.

4. The Plaintiff has complied with the payments to the Defendant as per the Chapter 11 plan, which was confirmed on February 1, 2010.

5. When the Plaintiff went to the Treasury Department seeking the benefits of a tax amnesty that was being offered in 2013, the Plaintiff was denied the benefits of the tax amnesty.

On March 21, 2014, Plaintiff filed an adversary action (Docket No. 1). On June 19, 2014, Defendant filed a motion to dismiss for failure to state a claim (Docket No. 19). On July 28, 2014, Plaintiff filed an opposition to the motion to dismiss (Docket No. 25).

## FAILURE TO STATE A CLAIM

"A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943 (4th Cir. 1992). A motion to dismiss for failure to state a claim "admits the facts alleged in the complaint, but challenges the plaintiff's right to relief based upon those facts. Dismissal cannot be upheld unless it appears beyond doubt that the plaintiffs would not be entitled to recover under any set of facts that they could prevail in support of their claim." Crowe v. Henry, 43 F.3d 198 (5th Cir. 1995).

When crafting a claim for relief, Federal Rule of Civil Procedure 8(a) outlines that the pleading must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. The language of Rule 8(a) allows allegations that are not detailed or factual to survive, while maintaining the need to include plausible factual allegations concerning all material elements of the claim. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

The purpose of this pleading standard is to ensure that the claim gives a defendant "fair notice of what a plaintiff's claim is and the grounds upon which it rests." _Conley v. Gibson_, 355 U.S. 41 (1957). It is intended to give "the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." Burlington Industries, Inc. v. Milliken & Co.,690 F.2d 380 (4th Cir. 1982) (citing 5 C. Wright & A. Miller, Federal Practice and Procedures § 1215, at 109-110). Although a court, when considering a motion to dismiss, should take as true all well pleaded factual allegations, this is not the case when considering legal conclusions since they are not granted the assumption of truth. They can provide the framework of a complaint, but when presented alone, do not suffice. Iqbal, 556 U.S. 662.

The claim must contain enough factual matter to be able to make it plausible on its face, and not a mere possibility or conclusion. A claim is plausible on its face when the plaintiff pleads factual content allowing the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Id. When analyzing the plausibility of a plaintiff's claim, the court analyzes the claim as whole, not the plausibility of each individual allegation. Whitney v. Guys, Inc., 700 F3.d 1118 (8th Cir. 2012).

Although the factual allegations do not need to be detailed, they must provide a degree of information sufficient to clearly separate it from being a mere conclusion. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678.

## **EFFECT OF DISCHARGE**

The Plaintiff has alleged a violation of discharge injunction under Section 524(a)(2) of the Bankruptcy Code that states that:

(a) A discharge in a case under this title-

…

> (2) operates as an injunction against the commencement or the continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.
> …

11 U.S.C. § 542(a)(2).

The Plaintiff alleges that the discharge injunction was violated when the Defendant tried to collect on money discharged through a confirmed plan as stated in Section 1141 of the Bankruptcy Code that states in relevant part that:

> (d) (1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan-
> (A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title whether or not-
>
> i.   a proof of claim based on such debt is filed or deemed filed under section 501 of this title;
> ii.  such claim is allowed under section 502 of this title; or
> iii. the holder of such claim has accepted the plan
> …

11 U.S.C. § 1141(d)(1)(A).

## LEGAL ANALYSIS

In the complaint, the Plaintiff alleges that the Defendant is trying to collect on a pre-petition debt that has been discharged by the confirmation order. The Plaintiff indicates that the Defendant's refusal to grant the benefits of the 2013 tax amnesty due to an existing pre-petition debt represents a violation to the injunction effect set into place by the discharge order. In addition, the Plaintiff says that the Defendant was given proper notice of the types and amounts of debt that were discharged by the confirmation order, since the Defendant was an active participant in the confirmation process. Finally, the Defendant states that he has suffered damages that warrant the payment of compensation for those damages, including the Plaintiff's out of pocket expenses for the filing fee, amount retained by the Defendants and reasonable attorney's fees.

The Defendant states that the Plaintiff in its complaint did not state a claim upon which relief can be granted. This is based on its belief that the complaint lacks sufficient factual allegations regarding each material element that would constitute the alleged violation of the discharge injunction.  As a result, the Defendant seeks to have the case dismissed.

The Court adopts as true the factual allegations of the complaint for the sole purpose of the motion before us. The Defendant in this case had filed a proof of claim for amounts owed by the Plaintiff in a Chapter 11 proceeding. A chapter 11 plan was confirmed, and the pre-petition debt included in the plan was being paid as agreed.  The Plaintiff visited the Treasury Department seeking the benefits offered by a 2013 tax amnesty. The benefits were denied. The Plaintiff claims that:

> [a]fter the Department of Treasury had received payments for several years, when the [Plaintiff] tried to obtain the benefits of the tax amnesty enacted in 2013, the Department claimed that additional taxes had accrued before confirmation that were due.

Complaint, Docket No. 1 at page 4.[1]

The Plaintiff asserts in the complaint that the non-payment of the pre-petition amounts allegedly owed, were the reason why the tax amnesty was denied; thus causing the loss of the potential economic benefits offered by said amnesty.  The complaint further avers that:

> [b]ased on Defendant's actions of deliberately denying [Plaintiff] the benefits of the 2013 as a means of forcing the collection of amounts not claimed in the Reorganization Proceeding, refusing to apply the amnesty to [Plaintiff] in spite of the documents provided and the various meetings held, it willfully violated the discharge injunction as per the Bankruptcy Code and the Order of Confirmation in favor of the Plaintiff.

Complaint, Docket No. 1 at page 5.

The previous statements, cited directly from the Plaintiff's complaint, are clear enough to give this Court an indication of the nature of the Plaintiffs complaint. As such, the Plaintiff has met its burden to survive the motion to dismiss. The Defendant's allegations of lack of specificity fall

---

[1] The reason for the denial of benefits is disputed by the parties.

short as to what is required for us to grant a motion to dismiss under Rule 12(b)(6). There is no need for a complaint to be crafted with such precision and specificity as the Defendant's motion to dismiss seems to suggest.

If the Plaintiff's allegations are considered as true, it is plausible that the discharge order was violated. The Defendant's alleged actions of conditioning the approval of a tax amnesty on the payment of pre-petition amounts included in the discharge order, might constitute an effort on behalf of the Defendant to collect money that has been discharged. Therefore, the Court concludes that the complaint contains enough factual insight to make us aware of the nature of the claim and as such, the Defendant's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

SO ORDERED.

In San Juan Puerto Rico, this 14th day of October, 2014.

Mildred Caban

Mildred Caban Flores
U.S. Bankruptcy Judge

-6-